*E-Filed 2/28/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEVONTE B. HARRIS, | No. C 10-5231 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| ROBERT HOREL, et al., | |
| Defendants. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

§ 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that in 2006 defendants, employees of Pelican Bay State Prison, unfairly put him on "no yard status," thereby violating his constitutional rights to due process and to be free from cruel and unusual punishment. Plaintiff's Eighth Amendment claims are hereby DISMISSED without leave to amend because these claims and the defendants named in the allegations are different from the "no yard" claims and defendants. *See* Fed. R. Civ. P. 15 & 20. If plaintiff seeks relief for his Eighth Amendment claims, he must file a separate civil rights action.

As to his "no yard" claims, whatever their possible merits, they may be barred by the statute of limitations, an issue plaintiff has not addressed in his complaint. Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). This two-year statute of limitations

period is tolled for two years if the plaintiff is a prisoner serving a term of less than life, thus giving such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a). A prisoner-plaintiff, such as the one in the instant matter, who is serving a sentence of life with the possibility of parole, is serving a sentence of less than life and is entitled to the two-year tolling period. *See Martinez v. Gomez*, 137 F.3d 1124, 1125–26 (9th Cir. 1998). It appears that the latest constitutional violation plaintiff cites relate to actions taken on November 5, 2006. Plaintiff did not file his complaint until November 18, 2010, which is more than four years after the acts underlying his claim allegedly occurred. Plaintiff must address the issue of the statute of limitations before his suit can proceed.

Accordingly, the complaint is DISMISSED with leave to amend his "no yard" claims, and to address the issues arising from the statute of limitations for § 1983 actions. Plaintiff's Eighth Amendment claims are DISMISSED without leave to amend, and must be brought in a separate action if plaintiff wishes to seek relief for such grievances. Plaintiff shall file an amended complaint addressing the concerns described herein within 30 days from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (10-5231 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may <u>not</u> incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

//
//
//
//
//

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: February 28, 2011

RICHARD SEEBORG
United States District Judge